UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA RINGENBACH,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T, et al.<br><br>    Defendants. | CASE NO. 4:21-cv-01400-CDP<br><br>I.C. SYSTEM, INC.'S  MOTION FOR LEAVE TO FILE AMENDED ANSWER |

### I.C. SYSTEM, INC.'S MOTION FOR LEAVE TO AMEND ANSWER

Defendant I.C. System, Inc. ("ICS"), by and through its counsel, hereby moves this Court for leave to amend its Answer in this matter.  In support, ICS states:

1.	Plaintiff Pamela Ringenbach ("Plaintiff") filed her Amended Complaint on February 14, 2022, and ICS answered that Amended Complaint on the same day.

2.	Since that time, Plaintiff has settled its claims as to at least three of the other original defendants, and dismissed the other four without explanation.

3.	At her deposition on November 16, 2022, Plaintiff was asked to state the terms of those settlement agreements with the other defendants.  Her counsel objected and instructed her not to answer.  These questions are the subject of a Motion to Compel, which is filed the same day as this Motion for Leave.

4.	This Court's Case Management Order of April 19, 2022, required amended pleadings to be filed by May 13, 2022.  Doc. 644.  However, good cause exists to grant leave to amend.  The Court may grant leave to amend after the scheduling order deadline

where good cause is shown. *Elliott v. Schlumberger Tech. Corp.*, No. 3:13-CV-79, 2015 WL 11393819, at *2 (D.N.D. Aug. 14, 2015). "[T]he primary question in determining good cause is whether the movant was diligent in attempting to meet the scheduling order's deadline." *Id*.

5. ICS has diligently proceeded throughout the process of this case, having now completed extensive discovery and ADR, and preparing at this time to file a dispositive motion by the December 12, 2022 deadline.

6. Permitting this amendment will not affect any deadlines whatsoever. Dispositive motions, due December 12, 2022, need not be delayed, and the trial in this matter, set May 15, 2023, will be unaffected.

7. The purpose of this amendment did not become fully apparent until two events occurred – the dismissal and settlement of all other parties, which concluded on November 9, 2022; and the line of questioning at Plaintiff's deposition concerning the settlement agreements, which occurred November 16, 2022.

8. As a result of the above factors, this request to file an amended pleading after the deadline set by this Court was not delayed because of any lack of diligence, or any other culpable act or omission by ICS or counsel. Instead, the request is made as soon as practicable after the issue became ripe. Thus, good cause exists to permit leave to amend.

9. If good cause is shown, the Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice does so require an amendment in this matter.

10. The requested amendment itself will not affect any issue of liability in this matter, but is made to add an affirmative defense that affects only the damages calculation should the Court enter judgment against ICS. Specifically, the amendment requested appears on Page 13 of the Amended Answer (attached to this Motion as an exhibit), under Roman numeral "III," and states as follows:

> III. Any judgment amount ordered against ICS should be offset by compensation already received by the Plaintiff for her alleged injuries.
>
> Plaintiff has dismissed this matter as to all seven of the other original co-defendants. As to three of those defendants – DirecTV, LLC, Experian, and Trans Union, LLC – Plaintiff filed a notice of settlement with this Court, while the other four defendants were dismissed from this lawsuit without explanation. Without admitting that any violation of the FDCPA or FCRA actually occurred, ICS's degree of culpability for any resulting injuries is significantly less than that of every other defendant, as ICS's violation may only be measured from the time it received Plaintiff's dispute until the time it deleted the offensive reporting. ICS alleges and avers it received Plaintiff's disputes from the credit reporting agencies on July 13 and 14, 2021, and that the account was closed on August 3, 2021.
>
> In contrast, according to Plaintiff's own allegations, other defendants were allegedly on notice about Plaintiff's dispute for a much longer period of time, and still proceeded to report the debt and assign it to ICS for collection. ICS may only be considered responsible for such a small portion

of Plaintiff's alleged injury – precisely twenty-one days of reporting between the receipt of the dispute until the account was deleted – and other defendants have already arranged to compensate Plaintiff for the injuries they allegedly caused.

Even without assigning degrees of culpability, though, an offset of the final judgment would be just and proper in this matter. First, because the judgment would only apply to ICS, whereas every other defendants' compensation came in the form of a settlement agreement, no joint-and-several liability will apply. No other party would be bound by a judgment of this Court against ICS, just as ICS is not bound by the terms of the other defendants' settlements. Second, Plaintiff claims actual and statutory damages in a presumably-ascertainable amount. As a result of co-defendants' settlements, Plaintiff has already been compensated for a significant portion of that finite amount. Failing to take those settlement payments into account would unjustly result in Plaintiff being grossly overcompensated for her injuries, made even more unjust by the fact that ICS would be the only party forced to provide such overcompensation.

In short, it would be manifestly unjust for ICS to be required to compensate Plaintiff for injuries mostly-caused – and compensated for – by other defendants. This Court's judgment should take those settlements into account and offset compensation due from ICS for any injuries sustained by Plaintiff by the amount for which Plaintiff has already been compensated.

Exhibit A at 13-14.

11. This amendment will affect ICS's substantial rights should this Court enter a judgment in Plaintiff's favor. As discussed in the amendment, failure to permit offset in this matter would result in ICS potentially being responsible to pay damages for injuries far in excess of ICS's liability, and could force ICS to overcompensate Plaintiff for amounts already paid to compensate her for her alleged injuries.

12. Further, there is no prejudice or surprise to the Plaintiff in allowing this amendment. Plaintiff is more aware than anyone that she has settled her case with multiple other defendants. She is aware, following the Rule 30(b)(6) deposition of ICS, of ICS's degree of culpability in relation to other defendants. Plaintiff would be required to conduct no additional discovery based on this defense, as she is manifestly aware of every fact and possesses all the evidence necessary to make the offset calculation requested.

13. In sum, good cause exists to grant leave to amend, justice requires the Court grant such leave, and the amendment would not prejudice or surprise Plaintiff in any way. This Court should grant leave to amend.

WHEREFORE, Defendant ICS respectfully requests this Court grant ICS leave to amend its Answer, and for such other relief as this Court deems just.

**[SIGNATURES AND SERVICE ON FOLLOWING PAGE]**

Dated: November 23, 2022　　　　　　　Respectfully Submitted,

**MARTIN LYONS WATTS MORGAN PLLC**

*Attorneys for Defendant*

By:/s/ MATTHEW J. BELL
Matthew J. Bell, #67241
1200 S. Big Bend Blvd.
St. Louis, Missouri 63117
mbell@mamlaw.com
P: (314) 669-5490
F: (888) 632-6937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system on this 23rd day of November, 2022, to:

Matthew B. Cook
Email: cookmp21@yahoo.com

Matthew Osborne
Email: matt@mrosbornelawpc.com

*Attorneys for Plaintiff*

By:/s/ Matthew J. Bell