**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PAMELA RINGENBACH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-1400 CDP |
| | ) | |
| **I.C.System, Inc,** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO**
**DEFENDANT I.C. SYSTEMS' MOTION FOR LEAVE**
**TO AMEND THEIR ANSWER (DOC. 110 )**

COMES NOW, Plaintiff, Pamela Ringenbach, by and through undersigned counsel and states

the following in response and opposition to Defendant I.C. System, Inc ("Defendant") motions for

leave to amend their answer:

1. Defendant's motion for leave to amend should be denied because it is futile. Denial of

parties motion for leave to amend may be denied as futile. *U.S. ex rel. Lee v Fairview Health System,*

413 F.3d 748, 749 (8th Cir. July 6, 2005). On p. 3 of its' Motion, Defendant states "Any judgment

amount ordered against ICS should be offset by compensation already received by the Plaintiff for her

alleged injuries. Doc. # 110, p.3. But the law is clear that non-settling Defendants are not entitled to a

set-off under the FCRA from settling Defendants. *Boatner v. Choicepoint Workplace Sols., Inc.* No.

CV 09-1502-MO, 2010 WL 1838727, at *3 (D. Or. May 6, 2010) (FDCPA and FCRA does not contain

any provision creating an implied or express right of contribution, indemnification, or equitable credit

nor does common law create such a right); see also *See Brim v. Midland Credit Mgmt.,* 795 F. Supp. 2d

1255, 2011 U.S. Dist. LEXIS 75714, *24 (N.D. Ala. May 4, 2011) ("There is no right to offset or

contribution under the FCRA."); *Jansen v. Equifax Info. Servs., LLC,* 2010 U.S. Dist. LEXIS 79760,

**5-6 (D. Or. Aug. 6, 2010) (finding no right to contribution or indemnification under FCRA); *Nelson*

*v. Equifax Info. Servs. LLC,* 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007) (stating that FCRA is distinct

cause of action from the Fair Debt Collection Practices Act and "[t]here is no equitable offset for either

of these causes of action"); *McMillan v. Equifax Credit Info. Servs., Inc.,* 153 F. Supp. 2d 129, 132 (D.

Conn. 2001) ("Courts have found that the FCRA does not provide a right to indemnification.").

2.    A "strong public policy favoring settlement of disputed claims dictates that confidentiality

agreements regarding such settlements not be lightly abrogated." *Thomasian v. Wells Fargo Bank*,

N.A., No. 03:12-cv-01435-HU, 2013 WL 4498667, at *2 (D. Or. Aug. 22, 2013) (citation omitted).

Multiple courts have held that there is no equitable offset for causes of action under either the FCRA or

FDCPA.    *Close v. Account Resolution Services,* No. 20-11871-MLW, 2021 WL 3674066, 557

F.Supp.3d 247, 250  (D. Mass. Aug 19, 2021); see also *Slone v Equifax Information Services*, 510 F.3d

495, 500 (4th Cir. 2007) (Defendant credit bureau not entitled to an offset by the other co-Defendant's

settlements as their conduct was separate from the other co-Defendant's actions and evidence of other

settlements would only serve to mislead and confuse the jury as to the remaining claim and valuation of

any award).  *Id.*

3.  Thus, Defendant's Motion to Amend the Answer should be denied as futile.  *Fairview*, supra

at 749.

4. Leave to amend should also be denied for unreasonable delay and failure to show good cause

to modify the scheduling order.  Defendant's procrastination in failure to amend their answer is not a

"good cause" under the rules.  *Reuter v. Jax Ltd., Inc*., 711 F.3d 918, 922 (8th Cir. 2013) (leave to

amend pleading may be denied for undue delay); *see also Fox v. Rental Treatment Centers-Illinois,*

*Inc.,* 2019 WL 4855199, at *4 (E.D. Mo. Oct 1, 2019) (rejecting Plaintiffs motion to modify the CMO

to name an expert when they offer no excuse for their failure to do so, much less good cause, when they

have had ample opportunity to do so.).

5.    The deadline to amend pleadings was May 13, 2022. (Doc. 64).    Defendant was on

notice that Plaintiff settled or dismissed her claims with the other Defendants a long time ago, see. e.g.

Docs. # 71 (Enhanced Recovery dismissed May 13, 2022);  75 (NCTUE dismissed June 6, 2022); 77 (notice of settlement filed with Trans Union June 17, 2022); 80 (Notice of settlement with Experian on August 2, 2022); and 88 (notice of settlement filed with DirectTV, LLC on September 20,2022). Defendant is incorrect in attempting to feign surprise that they did not know about the settlements until Plaintiff's deposition on November 16, having been on notice of these filings for months now.

6.      Defendant is attempting to improperly litigate this matter outside the CMO and cites irrelevant arguments, see *supra*.  Defendant had also previously attempted to modify the CMO and issue written discovery just a few days prior to the cutoff for the CMO.  The Court denied their motion. (Docs. 95-97).

7.      Plaintiff is also prejudiced by this late request as the discovery deadline has already closed and discovery completed.  "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." quoting *Bryant v. Applied Sweepers Ltd.,* 2011 WL 2938157, at *1 (E.D. Mo. July 20, 2011).  Indeed, Courts routinely grant motions in limine in FCRA cases preventing non-settling Defendants from referencing settlements with settling Defendants:

> "The Court GRANTS this Motion. Plaintiff's settlements with Experian and Trans Union pertaining to different legal issues than those remaining in this case are not relevant to the question of whether American Express violated 15 U.S.C. § 1681s-2(b). Further, Plaintiff is likely to prejudiced because the jury could believe that the amounts awarded in the Experian and Trans Union settlements cover Plaintiff's damages caused by American Express."

*Pongsai v. Am. Express Co*., No. SA CV 19-01628-DOC-(JDEx), 2021 U.S. Dist. LEXIS 90388, at *2 (C.D. Cal. May 10, 2021)

8.      Defendant has failed to cite any case holding that a non-settling Defendant is entitled to an offset from a settling Defendant.  (Doc. 110).

WHEREFORE, Plaintiff prays the Court denies Defendant's request for leave to amend their answer and for such other relief that is just and proper.


 s/ Matthew R. Osborne
Matthew R. Osborne # 40835CO
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com


 Matthew P. Cook #62815
 Cook Law, LLC
 2885 Sanford Ave SW #42270
 Grandville, MI 49418
 Phone:  314-200-5536
 Email:  Cookmp21@yahoo.com

 *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing were sent to the Court's electronic filing system on the 28th day of November, 2022 and was accordingly electronically served to all appropriate parties.


    /s/ Matthew P. Cook
        *Matthew P. Cook*