UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA RINGENBACH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:21 CV 1400 CDP |
| DIRECTV, LLC, et al. | ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff was the victim of identity theft by an unknown third party who used her information to open (and then not pay) an account with DirectTV. DirectTV attempted to collect this debt from plaintiff by using debt collectors and reporting the debt on plaintiff's credit report. This lawsuit followed. Plaintiff sued DirectTV, the debt collectors, and the credit reporting agencies for violations of federal law.[1] Plaintiff settled and dismissed her claims against all defendants except I.C. System, Inc. Plaintiff alleges that I.C. System, Inc. violated the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA) in connection with its attempts to collect on the debt.

---

[1] She also brought a state law consumer claim against DirectTV.

Earlier in the case, I.C. System attempted to amend the case management order because it wanted to serve discovery requests on plaintiff on the eve of the discovery deadline. ECF 95. I said no, but I allowed defendant to belatedly take plaintiff's deposition because she agreed to it. ECF 97. At plaintiff's deposition, I.C. System asked plaintiff how much she settled for with each of the other defendants. After plaintiff's counsel instructed her not to answer on the grounds of confidentiality, I.C. System filed a motion to compel plaintiff to answer these questions and to permit it (out of time) to issue a discovery request for production of the settlement agreements. In a related motion, I.C. System moves (again, out of time) to amend its answer to allege offset as an affirmative defense.

I.C. System's motions will be denied as it cites no relevant legal authority that offset is permitted under either the FCRA or the FDCPA. Instead, as plaintiff correctly points out in her opposition to amendment, the cases that have considered the issue have all reached the conclusion that offset is not permitted. In *Thompson v. Equifax Information Services*, LLC, 2019 WL 2059123, at *1–3 (E.D. Mich. May 9, 2019), also a FCRA case, the district court denied a motion by a non-settling defendant to compel the plaintiff to disclose the amounts of her confidential settlements with the other co-defendants. The court held: "[T]here is no right to contribution or indemnification under the FCRA. Accordingly, there is no danger of double recovery by plaintiff. For that reason, the details of plaintiff's

2

settlement agreements with other defendants are irrelevant." *Id.* at *2 (cleaned up). The same is true under the FDCPA. *See Irwin v. Mascott,* 94 F. Supp. 2d 1052, 1060 (N.D. Cal. 2000) (no express or implied right to contribution or indemnification under FDCPA).

After due consideration, I will deny the motion to compel. *See Cheetham v. Specialized Loan Servicing LLC*, 2021 WL 2137823, at *1–2 (W.D. Wash. May 26, 2021) (denying motion to compel FCRA plaintiff to disclose settlements with other defendants to non-settling defendant because "courts have found FCRA defendants do not enjoy rights of contribution or indemnity to prevent double recovery and, thus, settlement information is not relevant.") (collecting cases). As I.C. System has no right to seek offset, leave to amend will be denied as futile. *See Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions for leave to amend and to compel [110, 111] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2022.